IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>KODY FRANK PAHL,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:15cr415DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Defendant Kody Frank Pahl's Motion to Dismiss Count I of the Indictment.  On November 10, 2015, the court held a hearing on the motion.  At the hearing, Plaintiff was represented by Andrea T. Martinez, and Defendant was represented by Robert L. Steele and Jessica Stengel.  The court took the motion under advisement.  Having carefully considered the memoranda submitted by the parties and the law and facts relating to the motion, the court issues the following Memorandum Decision and Order.

## BACKGROUND

      On April 18, 2015, Orem Police responded to a sexual assault complaint by M.D., a minor, who was staying with her aunt.  M.D. stated that Defendant Kody Pahl gave her something in a syringe for a headache and she fell asleep.  When M.D. awoke, Pahl was sexually assaulting her and taking pictures of her breasts and genitalia.  M.D. stated she was in shock and did not say anything until Pahl went outside to smoke a cigarette.  M.D. then disclosed the sexual

assault to her aunt, who called the police. Pahl left the residence before the police arrived, but he was located later with an iPhone 4 in his possession. On April 23, 2015, officers obtained a search warrant for Pahl's iPhone 4. Officers' search of the phone recovered several photographs of M.D.

The State of Utah charged Pahl with rape, forcible sodomy, and sexual exploitation of a minor. Because the iPhone was not manufactured in Utah and has traveled in interstate commerce, Pahl was charged in a federal Indictment with production of child pornography in violation of 18 U.S.C. §2251(a) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). When the federal Indictment was brought, the State of Utah dismissed its case.

## DISCUSSION

### Defendant's Motion to Dismiss

Pahl seeks to dismiss Count I of the Indictment which charges him with violating 18 U.S.C. § 2251(a) by producing child pornography in the form of digital images using an iPhone that was transported in interstate commerce. Pahl is not charged with transmitting any pornographic files over the internet. Even though Pahl only engaged in the purely local production of child pornography, the Tenth Circuit has repeatedly held that applying § 2251(a) to a purely local production of child pornography is within Congress's power under the Commerce Clause. *See United States v. Jeronimo-Bautista*, 425 F.3d 1266 (10th Cir. 2005).

However, Pahl brings the present motion because the Tenth Circuit has not decided a Commerce Clause challenge to § 2251(a) since the United States Supreme Court's decision in *National Federation of Independent Business v. Sebelius*, 132 S. Ct. 2566 (2012). In *Sebelius*, the Court held that the Commerce Clause did not give Congress the power to require individuals

to purchase health insurance or face a penalty.  The Court reasoned that the individual mandate, compelling people to participate in the interstate market for healthcare by purchasing health insurance, was outside the power of the Commerce Clause because the "proximity and degree of connection between the mandate and the subsequent commercial activity [was] too lacking to justify" regulation.  *Id.* at 2591.  The Court opined that "[c]onstruing the Commerce Clause to permit Congress to regulate individuals precisely because they are doing nothing would open a new and potentially vast domain to congressional authority."  *Id.* at 2587.

Defendant argues that the Supreme Court's *Sebelius* decision represents a fundamental change in Commerce Clause analysis and, despite the Tenth Circuit's prior cases on the issue, it necessitates a new look at the constitutionality of § 2251(a).  However, several circuit courts of appeal, and a recent decision from this district, have rejected the argument that *Sebelius* changes the Commerce Clause analysis applied to § 2251(a).  *See Brown v. United States*, No. 2:13CV603DB, 2015 WL 205179, at *3 (D. Utah January 12, 2015) (certificate of appealability denied by Tenth Circuit); *United States v. Rose*, 714 F.3d 362, 371 (6th Cir.), *cert. denied*, 134 S. Ct. 272 (2013); *United States v. Parton*, 749 F.3d 1329, 1331 (11th Cir. 2014); *United States v. Sullivan*, 756 F.3d 845 (9th Cir. 2014).  All of these courts analyzed *Sebelius* and determined that prior circuit precedent upholding § 2251(a) under Congress's Commerce Clause power did not change after the Supreme Court decided *Sebelius*.  The court finds the analysis and reasoning in these cases to be compelling.  Unlike the individual mandate in *Sebelius* compelling individuals who were doing nothing to participate in the interstate market for healthcare, § 2251(a) regulates economic activity that has already taken place.  It does not compel people to participate in the market unwillingly.  The Commerce Clause still grants Congress the power to regulate the

intrastate production of child pornography because even the purely local production of child pornography substantially affects the interstate market. These precedents were not considering a potential future event. Rather, they were based on conduct that had already occurred and could affect, in the aggregate, the interstate market for child pornography. Moreover, the conduct that had already occurred was accomplished by the use of a device that had traveled in interstate commerce.

Defendant acknowledges that it is well established that Congress may regulate the channels of interstate commerce, the instrumentalities of interstate commerce, and activities that substantially affect interstate commerce. *Gonzales v. Raich*, 545 U.S. 1 (2005). Congress has the power "to regulate purely local activities that are part of an economic 'class of activities' that have a substantial effect on interstate commerce." *Id.* at 17. The Tenth Circuit has held that Congress properly exercised its regulatory powers under the Commerce Clause when it passed § 2251 because "Congress's prohibition of the intrastate production or possession of child pornography 'is a rational and commonly utilized means of regulating commerce in that product.'" *Jeronimo-Bautista*, 425 F.3d at 1271. The court noted that "the intrastate production of child pornography could, in the aggregate, have a substantial effect on the interstate market for such materials" and thus affect the supply and demand balance nationwide. *Id.* at 1272; *see Wickard v. Filburn*, 63 S. Ct. 82 (1942) (Congress can regulate purely intrastate activity that is not itself commercial, in that it is not produced for sale, if it concludes that failure to regulate that class of activity would undercut the regulation of the interstate market in that commodity). Thus, Congress's decision to make the local production of child pornography illegal "represents a rational determination that such local activities constitute an essential part of the interstate

market for child pornography that is well within its power to regulate." *Jeronimo-Bautista*, 425 F.3d at 1273.

The Supreme Court's decision in *Sebelius* that Congress lacked the power to compel individuals to purchase an unwanted product did not change well-established law that Congress has the power to regulate existing commercial activity. The *Sebelius* Court reaffirmed that the Commerce Clause grants Congress the power to regulate not only commerce among the states but also activities that have a substantial effect on interstate commerce. 132 S. Ct. at 2585. The Court restated that Congress's power extends to activities that only substantially affect interstate commerce when aggregated with similar activities of others. *Id.* at 2586.

Unlike the individual mandate addressed in *Sebelius*, § 2251(a) does not compel individuals to become active in the existing child pornography market. Instead, it regulates the production of child pornography, including the local production of child pornography, which in the aggregate has a substantial effect on the interstate market of such materials. There is no concern in this case as to the impermissible regulation of only potential future conduct. The statute only applies when certain conduct has already occurred.

In addition, the court is not persuaded by Pahl's argument that Congress is attempting to regulate one market through another market. Obviously, there are interstate markets for devices capable of making digital images and child pornography, and Congress is permitted to regulate both markets to the extent that such markets have a substantial effect on interstate commerce. To the extent that Congress is regulating devices capable of making digital images through § 2251(a), it is doing so only to the extent that the device is being used to produce child pornography, even if only locally, and thus impacting the interstate market for child pornography.

Cell phone owners who produce local child pornography in the aggregate have an effect on the interstate market for child pornography. Unlike cell phone owners who purchase cell phones and leave the interstate market, cell phone users who produce child pornography with their cell phones reinsert themselves into the interstate market for child pornography with their aggregate local production of child pornography. Congress has the constitutional authority to regulate such conduct because of the substantial effect it has on interstate commerce. The court, therefore, concludes that there is no basis for concluding that *Sebelius* overruled prior Tenth Circuit precedents upholding § 2251(a) as a permissible use of Congress's power under the Commerce Clause. Accordingly, Pahl's Motion to Dismiss is denied.

## CONCLUSION

Based on the above reasoning, Defendant Kody Frank Pahl's Motion to Dismiss Count I of the Indiction is DENIED.

DATED this 19th day of November, 2015.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge